J-S57018-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MAURICE LOGAN | |
| Appellant | No. 3088 EDA 2013 |

Appeal from the Judgment of Sentence August 8, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002345-2013

BEFORE: DONOHUE, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.: **FILED SEPTEMBER 26, 2014**

Appellant, Maurice Logan, appeals from the August 8, 2013 judgment of sentence of three years' probation and $500.00 restitution, imposed after he was found guilty of three counts of copying recording devices, and two counts of trademark counterfeiting.[1] After careful review, we affirm the judgment of sentence.

The trial court summarized the relevant facts of this case as follows.

> On August 18, 2012 at around 11:00 [p.m.], Philadelphia Police Sergeant Kevin Bernard was on patrol in the area of 2400 N. Cedar St. At that location he observed [] Appellant with a large backpack on his back engaging in what appeared to be a transaction with an unknown person. As he drove past, he noticed that the transaction involved

---

[1] 18 Pa.C.S.A. §§ 4116(b)(1), (d), (e), and 4119(a)(3), respectively.

either DVDs or CDs. Sergeant Bernard then heard a woman yell "he just robbed me, he robbed me, he robbed me[.]" Since Sgt. Bernard was in the area investigating recent robberies and Appellant fit the description of the suspect of those previous robberies, he stopped his vehicle and approached Appellant. Sgt. Bernard ordered [] Appellant to drop his bag, which was unzipped. Sgt. Bernard could easily see the bag contained numerous DVDs and CDs that based on his training he could tell were counterfeit. Additionally, in Appellant's hand was a DVD copy of the movie, "The Dark Knight Rises[,]" [] which at the time of the arrest was still being shown in movie theaters. Both Commonwealth experts testified that the items recovered from Appellant were counterfeit and contained counterfeit trademarks. In total, 104 DVDs and CDs were recovered.

Trial Court Opinion, 1/16/14, at 2-3 (citations to notes of testimony omitted).

Appellant was subsequently arrested and charged with multiple counts of copying recording devices and trademark counterfeiting, which were graded as felonies of the third degree. On April 12, 2013, Appellant filed an omnibus pre-trial motion to suppress the physical evidence obtained from a search incident to his arrest. On August 8, 2013, Appellant waived his right to a jury and proceeded to a bench trial before the Honorable Carolyn H. Nichols (Judge Nichols). Prior to the commencement of the bench trial, the trial court conducted a hearing on Appellant's suppression motion, at the conclusion of which, it denied said motion. *See* N.T., 8/8/13, at 56-60. Thereafter, Appellant requested that Judge Nichols recuse herself on the

basis she made a credibility determination adverse to Appellant. *Id.* at 60-61. The trial court denied Appellant's motion. *Id.*

The suppression hearing testimony of Sergeant Bernard was then incorporated into Appellant's bench trial. The record reflects that at trial the Commonwealth also presented the expert testimony of Knox Owsley of the Recording Industry Association of America, and the expert testimony of William Mock of the Motion Picture Association of America. *Id.* at 9-33, 72-93. Additionally, the Commonwealth entered into evidence a property receipt of the recovered contraband, and a photograph. *Id.* at 66-67. Appellant also testified on his own behalf. *Id.* at 36-45.

As mentioned, following the bench trial, Appellant was found guilty of the aforementioned charges and was sentenced on August 8, 2013, to an aggregate term of three years' probation and $500.00 restitution. *See* Trial Court Order, 8/8/13. On August 19, 2013, Appellant filed a timely post-sentence motion for reconsideration, and a hearing was scheduled for October 3, 2013.[2] Following said hearing, the trial court granted Appellant's post-sentence motion in part and denied it in part, reducing the grading of one of the copying recording devices charges to a first-degree misdemeanor.

_____

[2] We note that August 18, 2013 was a Sunday. Thus, Appellant's post-sentence motion was timely filed, as weekends are excluded from the computation of time. *See* 1 Pa.C.S.A. § 1908 (providing that when the last day of a calculated period of time falls on a Saturday or Sunday, as is the case herein, such day shall be omitted from the computation).

*See* N.T., 10/3/13, at 8-10, 23. All other aspects of the sentencing order remained the same. This timely appeal followed on October 16, 2013.[3]

On appeal, Appellant raises the following issue for our review.

> [1.] Was not [A]ppellant denied his right to a fair and impartial trial as a result of the trial court's failure to recuse itself after the trial court credited the police officer's testimony over [A]ppellant's testimony at a suppression motion and the officer's testimony was subsequently incorporated into the trial record?

Appellant's Brief at 3.

In reviewing the denial of a motion to recuse, our standard of review is for an abuse of discretion. *Commonwealth v. Hutchinson*, 25 A.3d 277, 319 (Pa. 2011)*, cert. denied*, *Hutchinson v. Pennsylvania*, 132 S. Ct. 2711 (2012). "An abuse of discretion is not merely an error in judgment. Rather, it involves bias, ill will, manifest unreasonableness, misapplication of law, partiality, and/or prejudice." *Commonwealth v. King*, 990 A.2d 1172, 1180 (Pa. Super. 2010) (citations omitted), *appeal denied*, 53 A.3d 50 (Pa. 2012). "[Our Supreme] Court presumes judges of this Commonwealth are honorable, fair and competent, and, when confronted with a recusal demand, have the ability to determine whether they can rule impartially and without prejudice." *Commonwealth v. Kearney*, 92 A.3d 51, 60 (Pa. Super. 2014) (citation and internal quotation marks omitted). "It is the

_____

[3] Appellant and the trial court have complied with Pa.R.A.P. 1925.

burden of the party requesting recusal to produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially." **Commonwealth v. Flor**, 998 A.2d 606, 641 (Pa. 2010) (citation omitted), *cert. denied*, **Flor v. Pennsylvania**, 131 S. Ct. 2102 (2011).

Upon careful review, we discern no abuse of discretion on the part of the trial court in denying Appellant's motion for recusal. The record reflects that Appellant has failed to meet his burden of proving any "bias, prejudice, or unfairness" on the part of Judge Nichols that would warrant her recusal in this matter. **Id.** The evidence introduced at the August 8, 2013 suppression hearing was not inadmissible or unfairly prejudicial, and Appellant has failed to articulate any substantive reason to call into question Judge Nichols' impartiality. Rather, Appellant takes issue with the fact that Judge Nichols' briefly commented on the credibility of Sergeant Bernard's testimony during the suppression hearing,[4] and contends that, "the [trial] court's apparent

---

[4] Specifically, Judge Nichols stated the following at the conclusion of the hearing on Appellant's suppression motion.

> So I don't believe that anything the sergeant testified to was so out of bounds and so incredible that it can't be believed.
>
> Accordingly, I will conclude that the sergeant acted lawfully and had sufficient cause to stop, detain, arrest and subsequently search [Appellant] after the arrest and the bag was inventoried, that

*(Footnote Continued Next Page)*

ability to wipe the credibility slate clean [during the subsequent bench trial] was, at best, questionable." Appellant's Brief at 12-13. We disagree.

In situations where a trial court judge has presided over an earlier stage of the proceedings, as is the case here, the determination of whether a trial court judge should recuse herself is dependent, in part, on her ability to preside impartially. *See Kearney*, *supra* at 60 (stating, "[a ]trial judge should recuse himself whenever he has any doubt as to his ability to preside impartially in a criminal case or whenever he believes his impartiality can be reasonably questioned[]") (citation omitted). Additionally, "[e]ven if prejudicial information was considered by the trial court, a judge, as factfinder, is presumed to disregard inadmissible evidence and consider only competent evidence." *Commonwealth v. Fears*, 836 A.2d 52, 71 n.19 (Pa. 2003) (citation omitted), *cert. denied*, *Fears v. Pennsylvania*, 545 U.S. 1141 (2005).

Instantly, the trial court concluded that recusal was unwarranted in this matter, "as there was no prejudice to Appellant or substantial doubt of impartiality." Trial Court Opinion, 1/16/14 at 5. In reaching this conclusion,

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

> the contraband CDs were in plain view. There was
> sufficient cause, the Commonwealth has met its
> burden and the motion to suppress is accordingly
> denied.

N.T, 8/8/13, at 59-60.

the trial court explained that its decision to deny Appellant's suppression motion "was based on the totality of the circumstances of all the evidence provided at the [August 8, 2013] hearing, not merely on the credibility of [Appellant or Sergeant Bernard]." *Id.* The trial court further noted that Appellant failed to establish "any prejudice to [him] during his subsequent wavier trial." *Id.* at 5-6.

This Court has long recognized that "our trial judges are honorable, fair and competent, and … the judge himself [or herself] is best qualified to gauge his [or her] ability to preside impartially." *Commonwealth v. Bonds*, 890 A.2d 414, 418 (Pa. Super. 2005) (citation and internal quotation marks omitted), *appeal denied*, 906 A.2d 537 (Pa. 2006). As evidenced by her comments in her Rule 1925(a) opinion, this is exactly what Judge Nichols did in this case. Furthermore, the mere fact that Judge Nichols presided over Appellant's suppression motion does not call into question her ability to remain impartial during the bench trial, as Appellant's argument seems to imply. "The mere participation by the presiding judge in an earlier stage of the proceeding neither suggests the existence of actual impropriety nor provides a basis for a finding of the appearance of impropriety." *Commonwealth v. Reyes*, 870 A.2d 888, 898 (Pa. 2005) (citation omitted); *see also Kearney*, *supra* at 61-62. Similar to the instant matter, *Reyes* involved a scenario where an appellant called into question the impartiality of a trial court judge who presided over both the

suppression motion hearing and his bench trial. *See Reyes*, *supra* at 897-898.

Accordingly, we discern no abuse of discretion on the part of the trial court in denying Appellant's recusal motion. *See Hutchinson*, *supra*. Therefore, we affirm the August 8, 2013 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2014